UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


FREDA HODGES, ET AL

VERSUS

WAL-MART STORES, INC.

CIVIL ACTION

NUMBER 06-895-SCR

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the court is a Motion for Summary Judgment filed by defendant Wal-Mart Louisiana, L.L.C.[1]  Record document number 13. The motion is not opposed.

Plaintiffs Freda and Bruce Hodges filed suit in state court alleging injuries and damages sustained by Freda Hodges as a result of a slip and fall that occurred on March 15, 2006 at the Wal-Mart store in Walker, Louisiana.[2]  Plaintiff alleged that she tripped over a ladder left in the aisle by a Wal-Mart employee, striking her head on the floor.  The fall resulted in severe injuries, including a concussion, severe headaches and post-concussion syndrome, which injuries impose restrictions and limitations on her daily activities and have made her unable to work.

---

[1] Although the plaintiffs originally sued Wal-Mart Stores, Inc., they later amended their petition to name Wal-Mart Louisiana, L.L.C. as the sole defendant.  Record document number 3, answer to original and amended petition, exhibit A.  There is no dispute that the entity which owned and operated the Wal-Mart store in Walker is Wal-Mart Louisiana, L.L.C.  Hereafter, Wal-Mart Louisiana, L.L.C. is referred to as the defendant or Wal-Mart.

[2] Hereafter, Freda Hodges is referred to as the plaintiff. Plaintiff's husband asserted a claim for loss of consortium.

The case was removed to this court based on diversity jurisdiction. Wal-mart now moves for summary judgment. Defendant argued that summary judgment is warranted because there is no evidence that a Wal-Mart employee placed the ladder in the spot where the plaintiff encountered it, nor how long it had been in that location before she bumped into it. Defendant also asserted that there is no evidence Wal-Mart either knew the ladder was located on the aisle or had actual or constructive notice of its location prior to the plaintiff's fall. Furthermore, the defendant argued that the plaintiff knew the ladder was located on the aisle and she actually saw it before her fall. In support of the motion the defendant relied on a statement of uncontested facts, excerpts from the plaintiff's deposition, and the affidavits of Wal-Mart employees Tracie Jeansonne and Lynda Gardiner.[3]

### Summary Judgment Standard and Applicable Law

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If

---

[3] Record document number 15, supporting memorandum, exhibit A, plaintiff's deposition excerpts; exhibit B, Jeansonne affidavit; exhibit C, Gardiner affidavit. Jeasnonne is the Personnel Manger at the Wal-Mart store in Walker. Gardiner is the store Training Coordinator.

the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants. The statute provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages

as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

   (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

   C. Definitions:

   (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.  The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

It is the plaintiff's burden to prove each element of a cause of action under the statute.  *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

The Louisiana Supreme Court recognized in *White*, that the constructive notice requirement found in the merchant liability statute involves a temporal element:

Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the

4

> condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White*, 699 So.2d at 1084-85.

Because constructive notice is defined to include a mandatory temporal element, a plaintiff relying on constructive notice under La. R.S. 9:2800.6(B)(2) must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the defendant on notice of its existence. *Id.*, 699 So.2d at 1082.

Plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element. *Blackman v. Brookshire Grocery Co.*, 2007-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185; *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107.

### Analysis

Plaintiff testified that she walked past the ladder to look for something and then walked backwards down the same aisle, towards the ladder. She bumped into the ladder and fell backwards. Plaintiff had no information about how long the ladder had been in the location where she encountered it, nor who put it there. She

5

did recall hearing one Wal-Mart employee asking another employee "Who put the ladder there?" and "What's it doing there?"[4] According to the plaintiff, "Nobody knew."[5] Plaintiff had no information from any source whatsoever that anybody from Wal-Mart put the ladder where she encountered it, or that Wal-Mart knew it was there but failed to move it before her fall.[6]

Furthermore, the affidavits of Jeansonne and Gardiner establish that some 10 minutes before the plaintiff's fall there was no ladder on the aisle where she fell.

Under LSA-R.S. 9:2800.6, an essential element of the plaintiff's claim is proof that prior to the fall, the defendant either created or had actual or constructive notice of the condition which allegedly caused the plaintiff's injury. There is absolutely no evidence that the defendant created or actually knew about the location of the ladder. Nor is there any evidence that the ladder was there for a time period prior to the fall sufficient to support the conclusion that the defendant had constructive notice of its location. Therefore, there is no evidence from which a reasonable trier of fact could infer that the defendant was

---

[4] Defendant exhibit A, p. 51.

[5] *Id.* p. 52.

[6] *Id.*

negligent under LSA-R.S. 9:2800.6.[7]

Accordingly, the Motion for Summary Judgment filed by defendant Wal-Mart Louisiana, L.L.C. is granted.  Judgment will be entered dismissing the claims of plaintiffs Freda and Bruce Hodges.

Baton Rouge, Louisiana, December 28, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Although it is not necessary to find whether the ladder created an unreasonable risk of harm to the plaintiff, it is clear that the ladder did not present an unreasonable risk of harm to the plaintiff.  The ladder in the aisle was not an inherently dangerous object.  Moreover, the plaintiff knew it was there - she walked safely past it only moments before backing into it.